UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) ) ) ) |
| v. | ) CIVIL NO. ) |
| 2008 SATURN VUE SPORT UTILITY VEHICLE, VIN:  3GSCL33P68S523630, | ) SA17CV1070 DAE ) ) |
| Respondent. | ) ) |

FILED
OCT 23 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, acting by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules of Federal Rules of Civil Procedure, and respectfully states as follows:

### I.
### NATURE OF THE ACTION

This action is brought by the United States of America seeking forfeiture to the United States of the property described below:

**2008 Saturn VUE Sport Utility Vehicle, VIN:   3GSCL33P68S523630,**

hereinafter the "Respondent Vehicle."

### II.
### STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Vehicle for violations of Title 21 U.S.C. §§ 801, *et seq.*, and subject to forfeiture to the United States pursuant to Title 21 U.S.C. § 881(a)(4), which states:

**21 U.S.C. § 881. Forfeitures**
  **(a) Subject property**
  The following shall be subject to forfeiture to the United States and no property right shall exist in them:

  . . . .

  **(4)** All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9).

## III.
## JURISDICTION AND VENUE

Under Title 28 U.S.C. § 1345, the Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a) the Court has jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Vehicle under Title 28 U.S.C. §§ 1355(b) and 1395. Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to 28 U.S.C. § 1355(b)(1)(B) and 1395(b), because the Respondent Vehicle is found in this District.

The Respondent Vehicle was seized in Lytle, Texas on April 1, 2017, by agents of the Drug Enforcement Administration (DEA). The Respondent Vehicle has remained in the custody of the United States Marshals Service, within the jurisdiction of the United States District Court, Western District of Texas, San Antonio Division, and shall remain within the jurisdiction of the court pending litigation of this case.

## IV.
## FACTS IN SUPPORT OF FORFEITURE

On April 5, 2017, Rosalba Delval Larrea (hereinafter Delval), and others, were indicted in the Western District of Texas under Criminal No. SA-17-CR-239-DAE, and charged with violations of Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii) and 841(b)(1)(C). On June

15, 2017, Delval entered into a written sealed Plea Agreement, wherein she pled guilty to Count One of the Indictment which charged violations of Title 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii). The factual basis of Delval's Plea Agreement establishes the following facts which give rise to the instant forfeiture cause, namely:

On April 1, 2017, DEA received information from a cconfidential source (CS) indicating that Ricardo Vallego-Macias (hereinafter Vallego-Macias) is a source of supply of heroin, cocaine, methamphetamine, and fentanyl. Valleja-Macias is receiving drugs from members of the Sinaloa Drug Cartel and coordinating the transportation of these drugs into the United States through the Eagle Pass and El Paso, Texas Points of Entry.

On April 1, 2017, Atascosa County Sheriff Deputy Hernandez was patrolling the IH 35 northbound lane. After observing a 2008 Saturn Vue Sport Utility Vehicle, bearing Mexican registration (hereinafter the Respondent Vehicle) failing to stay in a single lane and also failing to use turn signals, law enforcement officers initiated a traffic stop.

The traffic stop was conducted within the vicinity of mile marker 127 IH 35 North Highway. The driver was identified as Alejandro Pereda Larrea (hereinafter Pereda) and the passengers were identified as Delval, sitting in the front passenger seat and Raunel Reydesel Mexia Bringas (hereinafter Mexia[1]), sitting in the rear passenger seat on the driver's side. Officers asked Pereda to step out of the vehicle and move off the side of the road for safety reasons.

Pereda was informed that the reason for the traffic stop was because he had not provided

---

[1] In addition to Delval, the driver, Pereda, and Mexia, the passenger in the rear seat, were all named in the same Indictment returned on April 5, 2017 under Criminal No. SA-17-CR-239-DAE.

3

adequate time with his turn signal prior to changing lanes. When asked by officers, Pereda stated that he was coming from Mexico and going to San Antonio, Texas. Officers proceeded to identify the other occupants in the vehicle. During the course of identifying the occupants, officers asked the occupants where they were coming from and where they were headed. Delval and Mexia gave officers conflicting stories as to where they were heading. Both occupants claimed to be coming from Mexico, but Mexia stated they were going to San Antonio, Texas to purchase vehicles, and Delval stated they were going to Corpus Christi, Texas to visit family. Officers noticed the lack of luggage needed for three people to be traveling for several days. Officers returned to where Pereda was standing and asked if he knew the passengers' names. Pereda stated that the female's name was Rosalba, but did not know the male passenger's name.

Based on the inconsistencies in Pereda's and the other two occupants' stories, officers became suspicious of Pereda's actions, and requested consent to search Pereda's vehicle to ensure Pereda was not transporting any contraband in the Respondent Vehicle. Pereda gave consent to search the Respondent Vehicle, and as he was doing so, Pereda was smiling, which officers found odd.

Officers arrived on the scene with a narcotics canine and upon receiving consent to search the Respondent Vehicle, the canine began an open air search of the exterior and interior of the Respondent Vehicle. During the search, the canine alerted to the presence of illegal narcotics near the rear wheel well of the Respondent Vehicle on the passenger side. There were no packages in plain view or concealed within the Respondent Vehicle, which lead law enforcement officers to believe that the presence of illegal narcotics could be concealed in a false compartment

within the Respondent Vehicle.  At that time, officers asked Pereda and his two occupants to accompany the law enforcement officers to Ramos Tire Shop located in Poteet, Texas, to further search Respondent Vehicle.  All three travelers voluntarily agreed to go with the law enforcement officers to the shop.  All three were placed inside police vehicles and an officer drove the Respondent Vehicle to the Ramos Tire Shop.  Upon further inspection, law enforcement officers discovered a natural void that was lined with protective taping located beneath the rear seat of the Respondent Vehicle.  The compartment had to be accessed by removing the right rear wheel.  The compartment concealed approximately seven kilogram sized bundles of suspected illegal narcotics and three smaller bundles of suspected illegal narcotics which subsequently tested positive for methamphetamine and heroin.

Law enforcement officers read Pereda and his two passengers their Miranda warnings in Spanish, and provided them with written copies of those warnings.  Pereda agreed to speak to officers, and admitted that he knew there were drugs in the Respondent Vehicle.  Pereda stated the male passenger, identified as Mexia, had approached him earlier in the week and asked if he would drive a drug load to San Antonio, Texas.  Pereda stated he was to be paid $3,000.00 for driving the load to San Antonio from Mexico.  Pereda stated Mexia took the Respondent Vehicle and returned it the following day, giving him instructions to drive the Respondent Vehicle to San Antonio and once there, to contact him.  Pereda stated when he arrived in San Antonio he contacted Mexia and advised him he was in San Antonio.  Mexia advised Pereda that he would contact him in the morning when it was time to go make the delivery.  Pereda stated he and Delval crossed together at the Presidio Point of Entry very late the previous evening.

Vehicle registration documents located during the search indicate Delval is the

registered owner of the vehicle. Delval was crying, extremely nervous, and refused to make eye contact with officers when speaking to them. At one point, Delval told officers that if drugs were found in the Respondent Vehicle, law enforcement officers must have planted them there. Delval attempted to re-enter the Respondent Vehicle to avoid further talking to officers.

The total weight of the seized bundles of methamphetamine found in the Respondent Vehicle was approximately 5.3 kilograms. Also found during the search of the vehicle were 6.5 grams of heroin and 10 pills believed to be fentanyl. The methamphetamine was field tested with positive results for methamphetamine. The 6.5 grams of heroin were also field tested and tested positive for heroin. The fentanyl pills were subsequently sent to the lab for testing due to their inherent danger.

As such, the Respondent Vehicle was used to facilitate illegal drug activity. Therefore, the Respondent Vehicle is subject to forfeiture pursuant to Title 21 U.S.C.§ 881(a)(4) because it represents property that was used to facilitate the transport, sale, receipt, possession, and concealment of a controlled substance in violation of Title 21 U.S.C. §§ 801, *et seq.*

## V.
## PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Vehicle, that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed,[2] that a warrant for an arrest in rem be ordered, that the Respondent Vehicle be forfeited to the United

---

[2] Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to

States of America, that the Respondent Vehicle be disposed of in accordance with the law, and for any such further relief as this Honorable Court deems just and proper.

                Respectfully submitted,

                RICHARD L. DURBIN, JR.
                United States Attorney

By: _____
                Mary Nelda G. Valadez
                Assistant United States Attorney
                Asset Forfeiture Section
                601 N.W. Loop 410, Suite 600
                San Antonio, Texas 78216
                Tel:   (210) 384-7040
                Fax: (210) 384-7045
                Texas Bar No. 20421844

---

have an interest in the Respondent Vehicle.

## **VERIFICATION**

Task Force Officer Joe H. Quintero declares and says that:

1. I am a Task Force Officer with the Drug Enforcement Administration, assigned to the San Antonio District Office, and am the investigator responsible for the accuracy of the information provided in this litigation.

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof; the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23rd day of October, 2017.

Joe H. Quintero, Task Force Officer
Drug Enforcement Administration
San Antonio District Office